UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATASHA WILLIAMS,

             Plaintiff,

v.                                           Case No:  6:14-cv-1559-Orl-40GJK

VIDHI INVESTMENTS, INC. and TINA
PATEL,

             Defendants.

_____

REPORT AND RECOMMENDATION

      This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTION TO DISMISS THE CASE WITH PREJUDICE (Doc. No. 18)** |
| **FILED:** | **March 12, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

I.    <u>**BACKGROUND.**</u>

      On September 25, 2014, Plaintiff filed a complaint (the "Complaint") against Defendants,

alleging that they violated the overtime provision of the Fair Labor Standards Act (the "FLSA"),

29 U.S.C. § 207(a).  Doc. No. 1.  On March 12, 2015, the parties filed a Joint Motion for

Approval of Settlement and Motion to Dismiss the Case with Prejudice (the "Motion") requesting

that the Court approve their settlement agreement (the "Agreement") and dismiss the case with

prejudice.  Doc. No. 18.

II.   **LAW.**

In *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir.

1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final

and enforceable:

> [t]here are only two ways in which back wage claims arising under
> the FLSA can be settled or compromised by employees.   First,
> under section 216(c), the Secretary of Labor is authorized to
> supervise payment to employees of unpaid wages owed to them . .
> ..   The only other route for compromise of FLSA claims is provided
> in the context of suits brought directly by employees against their
> employer under section 216(b) to recover back wages for FLSA
> violations.   When employees bring a private action for back wages
> under the FLSA, and present to the district court a proposed
> settlement, the district court may enter a stipulated judgment after
> scrutinizing the settlement for fairness.

*Id*. at 1352-53.   Thus, unless the parties have the Secretary of Labor supervise the payment of

unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties'

agreement is unenforceable.   *Id*.; *see also Sammons v. Sonic-North Cadillac, Inc.*, Case No. 6:07-

cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of

FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked

Court approval or supervision by the Secretary of Labor).   Before approving an FLSA settlement,

the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide

dispute.   *Lynn's Food Stores*, 679 F.2d at 1354-55.   If the settlement reflects a reasonable

compromise over issues that are actually in dispute, the Court may approve the settlement.   *Id*. at

1354.

In determining whether the settlement is fair and reasonable, the Court should consider the

following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994);

*Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla.

Jan. 8, 2007) *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

The Court should be mindful of the strong presumption in favor of finding a settlement fair.  *See*

*Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee

agreements.  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J.*

*Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of

the contingent fee agreement; for it may well be that Congress intended that an employee's

recovery should be net[.]")).   In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish
> Zidell's compensation if Silva prevailed on the FLSA claim is of
> little moment in the context of FLSA.  FLSA requires judicial
> review of the reasonableness of counsel's legal fees to assure both
> that counsel is compensated adequately and that no conflict of
> interest taints the amount the wronged employee recovers under a
> settlement agreement.  FLSA provides for reasonable attorney's
> fees; the parties cannot contract in derogation of FLSA's provisions.
> *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be
> abridged by contract or otherwise waived.") (quotation and citation
> omitted).   To turn a blind eye to an agreed upon contingency fee in
> an amount greater than the amount determined to be reasonable after
> judicial scrutiny runs counter to FLSA's provisions for
> compensating the wronged employee.  *See United Slate, Tile &*
> *Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d
> 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> to be conducted by the district court regardless of any contract
> between plaintiff and plaintiff's counsel"); *see also Zegers v.*
> *Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla.
> 2008).

*Id*. at 351-52.[2]   In order for the Court to determine whether the proposed settlement is reasonable,

counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be

compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between

the plaintiff and his or her counsel, or otherwise.  *Id*.   When a plaintiff receives less than a full

recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee

improperly detracts from the plaintiff's recovery.[3]   Thus, a potential conflict can arise between

counsel and their client regarding how much of the plaintiff's total recovery should be allocated to

attorney's fees and costs.[4]   It is the Court's responsibility to ensure that any such allocation is

reasonable.  *See Silva*, 307 F. App'x at 351-52.   In doing so, the Court uses the lodestar method

for guidance.  *See Comstock v. Fla. Metal Recycling, LLC*, 2009 WL 1586604, at *2 (S.D. Fla.

June 5, 2009).   As the Court interprets the *Lynn's Food* and *Silva* cases, where there is a

compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the

attorney's fees provision under the parties' settlement agreement using the lodestar method as a

guide.   In such a case, any compensation for attorney's fees beyond that justified by the lodestar

method is unreasonable unless exceptional circumstances would justify such an award.

　　　　An alternate means of demonstrating the reasonableness of attorney fees and costs was set

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."   11th Cir. R. 36-2.

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel.   Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009).   In *Bonetti*, the

Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Bonetti*, 715 F. Supp. 2d at 1228 (emphasis added).   Judge Presnell maintained that if the matter

of attorney fees "[is] addressed independently and seriatim, there is no reason to assume that the

lawyer's fee has influenced the reasonableness of the plaintiff's settlement."   *Id*.   The

undersigned finds this reasoning persuasive.

## III.   ANALYSIS.

### A.  Settlement Amount.

This case involved disputed issues of FLSA coverage and liability, which constitutes a

bona fide dispute.   Doc. Nos. 1; 11.   The parties are represented by independent counsel who are

obligated to vigorously represent their clients.   Doc. Nos. 1; 11; 18 at 2; 18-1 at 7.   The parties

represent that they "have exchanged information, including numerous documents regarding

Plaintiff's work schedules, time sheet and payroll records" and "have also undertaken extensive

settlement negotiations."   Doc. No. 18 at 2-3.   As a result, the parties have reached an Agreement.

Plaintiff, in exchange for a general release, is receiving a total of $3,749.99, which represents

$273.36 for actual damages, $273.36 for liquidated damages, $105.60 in unpaid wages, and

$3,097.67 for attorney's fees and costs.   Doc. Nos. 18 at 3; 18-1 at 2-3.[5]   Plaintiff represents that

she is receiving full compensation for her FLSA claim.   Doc. No. 18 at 3.   When, as in this case,

a plaintiff does not compromise his or her claim, the resulting settlement is a fair and reasonable

resolution of a bona fide dispute under the FLSA.   *Lynn's Food Stores*, 679 F.2d. at 1354; *see*

*also Natera v. Mastercorp of Tennessee, Inc.*, Case No. 6:08-cv-2088-Orl-22DAB, 2009 WL

1515747, at *2 (M.D. Fla. June 1, 2009) (finding "[f]ull recompense of the [FLSA] damage claim

is *per se* fair and reasonable").   After reviewing the Motion and Agreement, it is

**RECOMMENDED** that the Court find the amount of Plaintiff's settlement to be fair and

reasonable.

### B. Attorney Fees and Costs.

Under the Agreement, Plaintiff's counsel will receive a total of $3,097.67 in attorney's fees

and costs.   Doc. Nos. 18 at 3; 18-1 at 3.   The parties have not provided the Court with affidavits

and time sheets detailing counsel's work in this matter, nor have the parties represented that they

negotiated attorney's fees and costs separately and without regard to the amount paid to Plaintiff.

*See* Doc. No. 18.   Nevertheless, the undersigned finds that the attorney's fees and costs provided

in the Agreement do not affect the reasonableness of the settlement, as Plaintiff is receiving full

compensation for her claim against Defendants.   *See, e.g.*, *Biscaino v. Ars Acquisition Holdings,*

*LLC*, Case No. 6:11-cv-894-Orl-28DAB, 2011 WL 4424394, at *2 (M.D. Fla. Sept. 13, 2011)

(finding negotiated attorney's fee did not affect the reasonableness of settlement agreement where

plaintiff received full compensation for his FLSA claim) *report and recommendation adopted*,

2011 WL 4422379 (M.D. Fla. Sept. 22, 2011).   Accordingly, it is **RECOMMENDED** that the

Court find the Agreement to be a fair and reasonable settlement of Plaintiff's FLSA claim.

---

[5] The Motion and Agreement state that Claimant is receiving a total settlement of $3,750.00.   Doc. Nos. 18 at 3; 18-1 at 3.   However, as noted above, Plaintiff is in fact receiving a total of $3,749.99 under the Agreement.

IV.     **CONCLUSION**.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 18) be **GRANTED** only to the extent that the Court finds the parties' settlement is fair and reasonable;

2. The Court enter an order dismissing the case with prejudice; and

3. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on April 1, 2015.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy